IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Edgar Darrel Thomas, | ) | C/A No.: 3:17-2130-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| State of South Carolina, | ) | |
| Defendant. | ) | |

Edgar Darrel Thomas ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the State of South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff filed this complaint seeking to remove a state criminal action, *State of South Carolina v. Edgar Darrel Thomas*, case number 2017A4010201606, from the Richland County Court of General Sessions to this court "for a Right to Review pursuant to Title 5 USC subsection 702." [ECF No. 1 at 1]. Plaintiff states

> The Richland County Court of General Sessions is an administrative court that has injured and or in the process of injuring me. It has already been adjudicated that the courts are operating under administrative law, which is illegal and unlawful because it denies the due process of law under the United States Constitution (see *Hill v. SEC,* 114 F. Supp. 3d 1297 (N.D. Ga. 2015).

*Id*. Plaintiff argues South Carolina's statutes, codes, and procedures do not comply with the United States Constitution, and claims "the Richland Count Court of General Sessions is unable to establish subject matter jurisdiction including but not limited to personal jurisdiction." *Id.*

II.  Discussion

  A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff seeks to remove his pending state criminal case to this court. [ECF No. 1]. Although there are limited circumstances where a criminal prosecution may be removed to this court, *see* 28 U.S.C. §§ 1442, 1442a, and 1443, Plaintiff has failed to allege facts to establish that his criminal case fits into the narrow exceptions permitted by these statutes. *See South Carolina v. Guidetti*, C/A No. 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011), *adopted by* 2012 WL 78793 (D.S.C. Jan. 10, 2012); *North Carolina v. Ledgester*, No. 4:11-MJ-1082, 2011 WL 2559792, at *1 (E.D.N.C. June 28, 2011).

To qualify for removal pursuant to § 1442, a removing party must establish that he is an officer of the United States or a person acting under an officer of the United States. 28 U.S.C. § 1442. Removal under § 1442a requires a removing party to show, among other things, that he is a member of the armed forces of the United States. 28 U.S.C. § 1442a. To remove an action under § 1443, a removing party must allege, in part, the denial of a right which "arises under a federal law that provides for specific civil rights stated in terms of racial equality . . . ." *Bald Head Ass'n v. Curnin*, No. 7:09-CV173-F, 2010 WL 1904268, at *5 (E.D.N.C. May 10, 2010).

Plaintiff's complaint does not allege he is an officer of the United States, a person acting under such an officer, or a member of the armed forces of the United States as required for removal under §§ 1442, 1442a. Further, Plaintiff provides no factual allegations to demonstrate that his rights to racial equality have been violated in relation to the state criminal court proceedings. 28 U.S.C. § 1443; *see also North Carolina v. El-Bey*, No. 5:10-CV-246-FL, 2010 WL 3860392, at *2 (E.D.N.C. Sept. 28, 2010) (remanding state court speeding case for lack of jurisdiction under § 1443). Instead Plaintiff argues that this court has the authority to review state court actions pursuant to 5 U.S.C. § 702. Section 702 permits a party "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . ." to name the United States as a defendant. The Richland County Court of General Sessions is not an agency of the United States, as the court was established by Article V of the South Carolina Constitution. *See* S.C. Const. art. V, § 1. Accordingly, section 702 is not applicable to

Plaintiff's claims, and Plaintiff has failed to identify any other jurisdictional basis for the removal of this criminal matter under 28 U.S.C. § 1331.[1]

To the extent Plaintiff attempts to raise a defense to the criminal action by challenging the subject matter and personal jurisdiction of the Richland County Court of General Sessions, such defenses do not establish removal jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."). Because Plaintiff fails to establish this court's subject matter jurisdiction over the state criminal case he seeks to remove, his complaint is subject to summary dismissal.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 25, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Plaintiff makes a conclusory statement that Defendant is a foreign corporation under 28 U.S.C. §§ 611, 612. As he provides no support for his statement, the court declines to address his argument.

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).